# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA, INC., et al.,<br><br>                         Plaintiffs,<br><br>     v.<br><br>HENRY D. NUNEZ, et al.,<br><br>                         Defendants. | 1:10cv02073 LJO DLB<br><br>ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br>(Documents 17, 18, 19 and 22) |

Plaintiffs Fair Housing Council of Central California, Inc., Nelida Mendiola, Martha Lemos and Maria Nava ("Plaintiffs") filed the instant motion to compel responses to document requests served on Defendant Henry Nunez. The matter was heard on June 24, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Elizabeth Brancart appeared telephonically on behalf of Plaintiffs. Daniel Harralson appeared on behalf of Defendant Henry Nunez. Mr. Nunez appeared on behalf of Defendant Minnie Avila.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Nelida Mendiola, Martha Lemos and Maria Nava are current or former tenants of the Cypress Estates apartment complex ("Cypress Estates"). These tenants complained of discrimination at Cypress Estates to Plaintiff Fair Housing Council of Central California, a nonprofit corporation ensuring compliance with fair housing laws throughout the Central Valley. Complaint, ¶¶ 4-7.

Defendant Henry Nunez controls the management of Cypress Estates and its onsite manager, Defendant Minnie Avila. Complaint, ¶¶ 8-9. Cypress Estates claims to be a housing complex for older persons under the Housing for Older Persons Act ("HOPA"), 42 U.S.C. § 3607(b)(2).

Plaintiffs allege that Defendants enforced unreasonable and discriminatory rules against them and their children, served them with eviction notices because of their protected familial status, and made derogatory statements about their national origin that interfered with the enjoyment of their tenancy. Complaint, ¶¶ 12-22. Plaintiffs assert violations of the Fair Housing Act (42 U.S.C. §§ 3601, et seq.), the California Fair Employment and Housing Act (Government Code §§ 12955,et seq.), the California Civil Code § 1714, Civil Code §§ 1927 and 1940.2, Civil Code §§ 44 through 46, and California Code of Civil Procedure §§ 1159 and 1160. Plaintiffs seek monetary damages, including punitive damages, along with declaratory and injunctive relief.

Plaintiffs filed the instant motion to compel on April 21, 2011, but continued the hearing several times. Plaintiffs seek to compel Defendant Nunez to provide responses to specific document requests served on February 18, 2011. The parties filed a Joint Statement of Discovery Dispute on June 10, 2011. Subsequently, on June 22 and 23, 2011, Defendants filed an additional opposition and supporting declarations regarding the motion to compel.

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identify and location of person who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

The document requests at issue concern three categories: (1) tenant records; (2) compliance with Housing for Older Persons Act ("HOPA"), 42 U.S.C. § 3607(b)(2); and (3) financial information.

A.  **Tenant Records**

   1.  Plaintiffs' Requests 1, 2, 4 and 19

   Request Number 1: A complete copy of all files regarding tenants or residents, including the file covers, as kept in the ordinary course of business that are or were maintained regarding each tenant or resident who has resided at the Cypress Estates apartment complex at any time since January 1, 2006, including a copy of all leases or rental agreements, applications, notices, rent receipts, security deposit refunds, eviction documents, complaints, notes, and communications.

   Request Number 2: A complete copy of all files regarding past tenants or residents, including the file covers, as kept in the ordinary course of business, regarding every tenant who has vacated a dwelling unit at the Cypress Estates apartment complex at any time since January 1, 2006, including documents that reflect the last known address of past tenants such as security deposit refunds.

   Request Number 4: A complete copy of all rental applications or applicant files, including the file covers, as kept in the ordinary course of business, including all rental applications and supporting documentation submitted by persons seeking to rent a dwelling at the Cypress Estates apartment complex at any time since January 1, 2006.

   Request Number 19: All documents that constitute, describe, reflect, record, mention, comment upon or otherwise refer to the family status or minor children residing with any tenant, former tenant, or prospective tenant who rented or sought to rent a dwelling unit from one or more defendants at any time since January 1, 2006, including but not limited to, applications, leases, notes, memoranda, correspondence, diaries, appointment books, calendars, or email messages.

   2.  Defendants' Responses

Defendants submitted the following response to each request:

   **Response**: OBJECTION. Responding party objects to this request on the grounds that it is unduly burdensome, oppressive and over broad. Responding party further objects to this request on the grounds that it seeks third party information that responding party cannot provide without said third party's knowledge and consent, as it would violate their right of inalienable privacy. Any documents would be in the possession of Cypress Estates, Inc., (4478 W. Spaatz Ave. Fresno, CA 93722), and will not be produced without a court order. The plaintiff files will be produced.

   3.  Analysis

These objections are overruled.  At the hearing, Defendant Nunez objected to production, arguing that he does not have care, custody or control of the requested documents, which are

3

"owned" by Cypress Estates, Inc. On questioning by the Court, Defendant Nunez reported that he is both the sole owner and the sole officer of Cypress Estates, Inc. He further admitted that he has produced the tenant lease agreements requested by Plaintiffs, which would be subject to the same objection regarding custody and control. Given these representations, it is clear that the requested tenant documents are within Defendant Nunez' custody and control.

To distinguish the lease agreements from the remaining tenant files, Defendant Nunez claims that the tenant files contain third-party personal financial information. Defendant Nunez believes that production of such private information will expose him to potential liability from third-party tenants for privacy rights violations.

In response, Plaintiffs explain that they are not interested in the personal financial information of third-party tenants. Instead, they primarily seek information regarding tenant ages, the number and ages of any tenant's children, and any complaints in the tenant files.

The Court finds that any concerns regarding third-party personal financial information can be resolved by redaction of third-party personal financial information from the relevant records. Plaintiffs' motion to compel responses to Requests for Production 1, 2, 4 and 19 is GRANTED. As discussed at the hearing, Defendant Nunez shall redact Social Security numbers and third-party personal financial information from the responsive tenant records. Thereafter, Defendant Nunez shall produce the redacted records to Plaintiffs within thirty (30) days of the date of this order.

**B.  HOPA Compliance**

1.  Background Information

According to the joint statement, Cypress Estates is a senior living complex in which a maximum of 20% of tenants under age 55 are allowed. The individual plaintiffs claim that they were never asked for age verification and no member of their families is age 55 or older.

Defendant asserts that the individual plaintiffs were sent to Cypress Estates by the City of Reedley because their apartment building was condemned. Defendants reportedly accepted Plaintiffs at the request of the City.

2.     Plaintiffs' Request 25

Request Number 25: All occupancy surveys, affidavits or other documents prepared or obtained by defendants with the purpose of verifying the ages of residents at the Cypress Estates apartment complex.

3.     Defendants' Response

**Response**: OBJECTION. The documents include the application; the lease agreement; and verification of the information, by the manager. Responding party objects to this request on the grounds that it is unduly burdensome, oppressive and over broad. Responding party further objects to this request on the grounds that it seeks third party information that responding party cannot provide without said third party's knowledge and consent, as it would violate their right of inalienable privacy. Any documents would be in the possession of Cypress Estates, Inc., (4478 W. Spaatz Ave. Fresno, CA 93722), and will not be produced without a court order. The plaintiff files will be produced.

4.     Analysis

As with the previous requests for production, Defendant Nunez' objections are overruled. Plaintiffs' motion to compel a response to Request for Production 25 is GRANTED. Defendant Nunez shall redact Social Security numbers and third-party personal financial information from the requested records. Thereafter, Defendant Nunez shall produce the redacted records to Plaintiffs within thirty (30) days of the date of this order

C.     **Defendants' Financial Records**

1.     Plaintiffs' Requests 14-18

Request Number 14: A copy of any net worth statement prepared by or on behalf of each defendant at any time since January 1, 2006, including but not limited to any loan or credit applications.

Request Number 15: A copy of any appraisal conducted at any time since January 1, 2006 of any business or personal or real property owned by each defendant.

Request Number 16: A copy of all 2009 or 2010 year-end statements reflecting the account number and balance of any accounts controlled by or accessible to each defendant, including savings, checking, annuities, or mutual, stock or bond funds.

Request Number 17: A copy of all 2009 or 2010 year-end statements reflecting the account number and balance of any loans or indebtedness of each defendant, including but not limited to mortgages, vehicle or boat loans, or tax liens.

Request Number 18: A copy of schedule C to each individual defendants' most recent IRS income tax return, as filed by the defendant, and a copy of the most recent IRS income tax return for Cypress Estates, Inc.

5

2. <u>Defendants' Responses</u>

With the exception of Request 15, Defendants submitted the same response to each request as follows:

> **Response**: OBJECTION. In addition to the general objections set forth above, responding party objects to this request to the extent that it violates responding party's inalienable right to privacy guaranteed by the California Constitution, Article I, § 1, and also guaranteed by the U.S. Constitution (*Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484, 85 S. Ct. 1678, 1681; *Palay v. Sup. Ct.* (County of Los Angeles) (1993) 18 CA4th 919, 931, 22 CR2d 839, 847.).

In response to Request 15, Defendants included an additional objection, stating: "Responding party also objects on the grounds that the information sought is irrelevant and not likely to lead to the discovery of admissible evidence."

3. <u>Analysis</u>

As discussed at the hearing, the parties have agreed to allow Defendants to file a motion for protective order regarding the requested financial information and Defendants intend to file a motion to strike the punitive damage allegation in the complaint. Therefore, the Court defers ruling on this portion of Plaintiffs' motion to compel pending resolution of the impending motion for protective order.

## **CONCLUSION**

Based on the above, Plaintiffs' motion to compel responses to Requests for Production 1, 2, 4, 19 and 25 is GRANTED. Defendant Nunez shall redact Social Security numbers and third-party personal financial information and produce the requested documents within thirty (30) days of the date of this order.

Further, the Court defers ruling on Plaintiffs' motion to compel responses to Requests for Production 14, 15, 16, 17 and 18, pending resolution of Defendants' anticipated motions for protective order and to strike the punitive damages allegation.

IT IS SO ORDERED.

Dated:   **June 24, 2011**                              /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE

6