# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA, INC., et al., | ) ) ) | 1:10cv02073 LJO DLB |
| Plaintiffs, | ) ) ) | ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL FINANCIAL INFORMATION DISCOVERY |
| v. | ) ) | (Documents 22 and 30) |
| HENRY D. NUNEZ, et al., | ) ) ) ) | ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEFENDANT HENRY NUNEZ TO RESPOND TO DISCOVERY |
| | ) ) | (Document 29) |
| Defendants. | ) ) | |

Plaintiffs Fair Housing Council of Central California, Inc., Nelida Mendiola, Martha Lemos and Maria Nava ("Plaintiffs") filed the instant motions to compel responses to document requests and to compel financial information discovery from Defendant Henry Nunez. The matter was heard on October 21, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Elizabeth Brancart and Christopher Brancart appeared telephonically on behalf of Plaintiffs. Daniel Harralson appeared on behalf of Defendant Henry Nunez. Defendant Nunez also appeared.

**INTRODUCTION**

Plaintiffs Nelida Mendiola, Martha Lemos and Maria Nava are current or former tenants of the Cypress Estates apartment complex ("Cypress Estates"), each of whom resided there with minor children. Defendant Henry Nunez controls the management of Cypress Estates.

Complaint, ¶¶ 8-9.  Cypress Estates claims to be a housing complex for older persons under the Housing for Older Persons Act ("HOPA"), 42 U.S.C. § 3607(b)(2).

Plaintiffs and other residents complained of discrimination at Cypress Estates to the Fair Housing Council of Central California, a nonprofit corporation ensuring compliance with fair housing laws throughout the Central Valley.  Complaint, ¶¶ 4-7.  Plaintiffs allege that Defendants enforced unreasonable and discriminatory rules against them and their children, served them with eviction notices because of their protected familial status, and made derogatory statements about their national origin that interfered with the enjoyment of their tenancy.  Complaint, ¶¶ 12-22.

Plaintiffs assert violations of the Fair Housing Act (42 U.S.C. §§ 3601, et seq.), the California Fair Employment and Housing Act (Government Code §§ 12955,et seq.), the California Civil Code §§ 1714, 1927, 1940.2, 44-46, and the California Code of Civil Procedure §§ 1159 and 1160.  Plaintiffs seek monetary damages, including punitive damages, along with declaratory and injunctive relief.

**I.  MOTION TO COMPEL DISCOVERY OF FINANCIAL INFORMATION**

   A.  Procedural Background

Plaintiffs filed a motion to compel on April 21, 2011.  The motion sought, among other things, to compel Defendant Henry Nunez to produce financial information relevant to Plaintiffs' punitive damages claim.  The parties continued the hearing several times and filed a joint statement of discovery dispute on June 10, 2011.  The Court ultimately held a hearing on June 24, 2011.  Following the hearing, the Court issued an order. With regard to the requested financial information, the Court's order stated as follows:

> As discussed at the hearing, the parties have agreed to allow Defendants to file a motion for protective order regarding the requested financial information and Defendants intend to file a motion to strike the punitive damage allegation in the complaint. Therefore, the Court defers ruling on this portion of Plaintiffs' motion to compel pending resolution of the impending motion for protective order.

Doc. 27, p. 6 (Order dated June 27, 2011).

On October 7, 2011, Plaintiffs filed a request to reset the hearing on the motion to compel production of financial information.  Plaintiffs explained that three months had passed and

2

Defendants had not moved for a protective order. Plaintiffs now seek an order to compel discovery of Defendant Nunez's financial information.[1]

Defendant Nunez did not file a timely opposition to this request. Rather, on October 18, 2011, he filed a motion to strike allegations of Plaintiffs' complaint and a motion to dismiss. Thereafter, he filed an untimely opposition to Plaintiffs' motion to compel discovery responses. In that opposition, Defendant Nunez requested that the instant hearing be continued to December 15, 2011, and that the court issue a protective order regarding discovery of his financial information.

      B.     Discovery at Issue

The document requests at issue seek production of Defendant Nunez' financial information:

> <u>Request Number 14</u>: A copy of any net worth statement prepared by or on behalf of each defendant at any time since January 1, 2006, including but not limited to any loan or credit applications.
>
> <u>Request Number 15</u>: A copy of any appraisal conducted at any time since January 1, 2006 of any business or personal or real property owned by each defendant.
>
> <u>Request Number 16</u>: A copy of all 2009 or 2010 year-end statements reflecting the account number and balance of any accounts controlled by or accessible to each defendant, including savings, checking, annuities, or mutual, stock or bond funds.
>
> <u>Request Number 17</u>: A copy of all 2009 or 2010 year-end statements reflecting the account number and balance of any loans or indebtedness of each defendant, including but not limited to mortgages, vehicle or boat loans, or tax liens.
>
> <u>Request Number 18</u>: A copy of schedule C to each individual defendants' most recent IRS income tax return, as filed by the defendant, and a copy of the most recent IRS income tax return for Cypress Estates, Inc.

Defendant Nunez's financial information is relevant to Plaintiffs claim for punitive damages and within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1) (permissible scope of discovery includes any nonprivileged matter that is relevant to any party's claim or defense). Although the Court granted Defendant Nunez leave to file a motion for protective order regarding the requested information, he failed to do so. At the hearing, defense counsel

---

[1] On October 18, 2011, Defendant Minnie Avila filed a notice of bankruptcy invoking the automatic stay provisions. Doc. 40.

3

was unable to explain nothing was filed or submitted until after Plaintiffs were forced to request that the Court reset their original motion to compel for hearing. The Court finds that Defendant Nunez's delay is unjustified.

Given Defendant Nunez's failure to provide the requested financial information and his failure to file a timely motion for protective order, Plaintiffs' motion to compel financial information discovery is GRANTED. Fed. R. Civ. P. 37. Defendant Nunez SHALL PRODUCE the requested information without objections **within fifteen (15) days from October 21, 2011**. As discussed at the hearing, such financial information shall be produced subject to an "attorneys' eyes only" protective order provision.

## II. MOTION TO COMPEL DEFENDANT HENRY NUNEZ TO RESPOND TO DISCOVERY

### A. Procedural Background

At issue are three separate requests for production of documents: (1) Plaintiffs' Third Request for Production of Documents to Defendant Henry Nunez (No. 35) served April 29, 2011; (2) Plaintiffs' Fourth Request for Production of Documents to Defendant Henry Nunez (Nos. 36-40) served June 3, 2011; and (3) Plaintiffs' Fifth Request for Production of Documents to Defendant Henry Nunez (Nos. 41-51) served August 9, 2011. Exhibits 1, 2 and 3 attached to Motion to Compel.

Plaintiffs indicate that these requests seek documents identified by Defendants in their initial disclosures (No. 35); documents regarding Defendants' defenses and the communications between Defendant Nunez and Minnie Avila (Nos. 36-40); and complaints against Defendants, interactions with the City of Reedley relocation program, the allocation of profits and losses or distributions between Cypress Estates, Inc. and Defendant Nunez or any other manger, member or investor of Cypress Estates, Inc. and documents reflecting conveyance of interests in Cypress Estates (Nos. 41-51).

On August 9, 2011, Plaintiffs sent a letter to Defendants indicating that no response had been received to Plaintiffs' Third Request for Production. Defendants did not respond to the letter. Declaration of Christopher Brancart ("Brancart Dec.") ¶ 2 and Exhibit 1.

On September 1, 2011, Plaintiffs sent another letter to Defendants notifying them of all past due and unanswered discovery. Plaintiffs proposed a meet and confer conference. Defendants did not respond to the letter. Brancart Dec. ¶ 3 and Exhibit 2.

On September 13, 2011, Plaintiffs sent a third letter to Defendants requesting a date to confer. Plaintiffs proposed a telephone conference on September 19, 2011. Plaintiffs also sent Defendants an e-mail with a proposed protective order and a joint application and stipulation. Defendants did not respond to the e-mail. Brancart Dec. ¶ 5.

Plaintiffs called Defendants on September 19, 2011. Defense counsel stated that he would be meeting with his client and would produce the overdue discovery responses by September 28, 2011. Brancart Dec. ¶ 6 and Exhibit 4.

On September 21, 2011, defense counsel left a voice mail message for Plaintiffs' counsel advising that he would like to confer further regarding claims of privilege and work product. Plaintiffs responded with a letter indicating that they were entitled to immediate responses with a privilege log. Plaintiffs requested responses by September 28, 2011. Brancart Dec. ¶ 8.

On September 26, 2011, Plaintiffs received an e-mail from defense counsel's assistant requesting an additional two weeks to respond to the overdue discovery due to defense counsel's upcoming eye surgery and the unavailability of Defendant Nunez who had been in trial. Plaintiffs' counsel responded by e-mail stating that they would give defense counsel the additional time necessary, but requested that defense counsel's office confirm in writing that they would have responsive documents to Plaintiffs' counsel by October 7, 2011. Defendants did not respond to that e-mail. Brancart Dec. ¶¶ 9-10 and Exhibit 5.

On October 7, 2011, Plaintiffs filed the instant motion to compel Defendant Henry Nunez to respond to discovery. Plaintiffs explain that Defendant Nunez has failed to respond to their Third, Fourth and Fifth Requests for Production of Documents (Nos. 35-51).

Defendant Nunez did not file a timely response to the motion to compel. Local Rule 251(e). As discussed above, on October 18, 2011, Defendant Nunez filed a motion to strike allegations in Plaintiffs' complaint and a motion to dismiss Plaintiffs' complaint. On October 20, 2011, in the afternoon before the hearing on the instant motion, Defendant Nunez filed an

5

1  opposition. (Doc. 42). According to the opposition, Defendant Nunez claimed that he responded
2  to the outstanding discovery the previous day, but pointed out that he filed a motion to strike and
3  a motion to dismiss. Defendant requested that this hearing be continued to December 15, 2011,
4  which is when his other motions are scheduled to be heard.

    B.    Analysis

Plaintiffs seek an order compelling discovery pursuant to Federal Rule of Civil Procedure 37. In relevant part, Rule 37 allows a party to move for an order compelling discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Here, Plaintiffs have attempted to meet and confer in an effort to obtain the requested documents without court action. Defendant Nunez failed to respond to the meet and confer efforts and failed to respond to discovery despite two extensions of time. Defendant Nunez did not respond to the requested discovery until *after* Plaintiffs filed their motion to compel. At the hearing, Plaintiffs reported that Defendant Nunez has produced some documents and has indicated that he will be producing more documents. In other words, Defendant Nunez has not fully responded to the document requests.

In light of Defendant Nunez's failure to timely respond to discovery, his counsel's failure to timely respond to inquiries from Plaintiffs' counsel, and his failure to produce all requested discovery, Plaintiffs' motion to compel Defendant Henry Nunez to respond to discovery is GRANTED. Defendant Nunez SHALL PRODUCE responsive documents without objections within fifteen (15) days from October 21, 2011.

**III.   AWARD OF ATTORNEYS' FEES**

Federal Rule of Civil Procedure 37(a)(5) states that if a motion to compel is granted, then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment if: (a) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (b) the

1  opposing party's nondisclosure, response, or objection was substantially justified; or (c) other
2  circumstances make an award of expenses unjust. Id.  Here, Plaintiffs attempted in good faith to
3  obtain the discovery without court action.  However, Defendant Nunez and his counsel
4  unjustifiably delayed in filing a motion for protective order and unjustifiably delayed in
5  responding to certain discovery until after a motion to compel was filed.  Accordingly, Defendant
6  Nunez and his counsel shall be required to pay Plaintiffs' reasonable expenses incurred in
7  bringing both the motion to compel financial information discovery and the motion to compel
8  Defendant Henry Nunez to respond to discovery.
9  　　　　Consistent with the Court's statements at the hearing, Plaintiffs' counsel submitted a
10 declaration detailing the time and the fees incurred in bringing the instant motions to compel.
11 According to the declaration of Elizabeth Brancart, Plaintiffs' counsel expended 2.9 hours in
12 preparing the motions to compel and appearing at the hearing.  Declaration of Elizabeth Brancart
13 ("E. Brancart Dec.") ¶ 4. Ms. Brancart indicates that her customary hourly rate is $400 for cases
14 in which her firm is paid by fee-paying clients.  In this instance, Ms. Brancart request that the
15 Court order any amount be paid to the Eastern District's Pro Bono Panel to be used to reimburse
16 expenses. E. Brancart Dec. ¶¶ 5-6.  Based on the declaration and request, the Court orders
17 Defendant Nunez and his counsel to pay fees in the amount of $1,160.00 to the Eastern District's
18 Pro Bono Panel within **ten (10) days** of the date of this order.

19 **<u>CONCLUSION</u>**
20 　　　For the reasons stated, the Court HEREBY ORDERS as follows:
21 　　　1.　　Plaintiffs' motion to compel financial information discovery is GRANTED;
22 　　　2.　　Plaintiffs' motion to compel Defendant Henry Nunez to respond to discovery is
23 　　　　　　GRANTED;
24 　　　3.　　Defendant Nunez SHALL PRODUCE the requested financial information the
25 　　　　　　requested discovery without objections **within fifteen (15) days from October**
26 　　　　　　**21, 2011**;
27 ///
28 ///

4. Defendant Nunez and his counsel SHALL PAY fees in the amount of $1,160.00 to the Clerk of Court for the Eastern District's Pro Bono Panel within **ten (10) days** of the date of this order.

5. Defendant Nunez and/or his counsel SHALL submit a copy of the receipt evidencing the payment of the amount to the undersigned's chambers within 15 days of this order.

IT IS SO ORDERED.

Dated:   **November 2, 2011**                    /s/ **Dennis L. Beck**
                                                                   UNITED STATES MAGISTRATE JUDGE