**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA, INC; NELIDA MENDIOLA; MARIA NAVA; and MARTHA LEMOS,<br><br>    Plaintiffs,<br><br>    vs.<br><br>HENRY NUNEZ;  and MINNIE AVILA ,<br><br>    Defendants. | Case No.  1:10-CV-02073-LJO-DLB<br><br>**PROTECTIVE ORDER** |

**IT IS HEREBY ORDERED THAT:**

1. For the purposes of this Protective Order, "DOCUMENTS" means all written, recorded, computerized, electronic, or graphical material or information and things, whether produced or created by a Party or another person, and whether produced in respond to a discovery request, subpoena, agreement, or otherwise.

2. The parties in this action have the right to designate as "CONFIDENTIAL" any documents in this action which either Party believes in good faith contains nonpublic and sensitive personal information of individual persons, trade secrets, confidential research, developments, commercial financial

1  information and/or any other proprietary, confidential, or competitively sensitive
2  business information ("CONFIDENTIAL INFORMATION").

3      3.    If a party wishes to challenge the designation of a document or
4  portion of a document as "CONFIDENTIAL," the party challenging the
5  designation shall meet and confer in good faith with the designating party in an
6  attempt to resolve the dispute pursuant to Local Rule 37.  Any motion challenging
7  a confidential designation must file in compliance with Local Rule 37.  The party
8  seeking confidentiality has the burden of establishing that protection is warranted
9  under Fed. R. Civ. P. 26(c).

10      4.    CONFIDENTIAL INFORMATION shall be disclosed by the parties
11  and their counsel only in accordance with the terms of this Protective Order and
12  shall be used solely for the purposes of this action and shall not be used by the
13  parties or their counsel for any other purpose.

14      5.    Nothing in this Protective Order shall be construed to impose
15  affirmative obligations on the Court or court personnel, who are subject only to
16  the Court's internal procedures regarding the handling of material filed or lodged
17  under seal.  CONFIDENTIAL INFORMATION shall not be disclosed by the
18  parties or their counsel to anyone other than the Court and its officers, counsel and
19  their agents and employees, and the parties.  Counsel may also disclose
20  CONFIDENTIAL INFORMATION to qualified third-parties employed or retained
21  to assist in the prosecution, defense, or settlement of this action, such as
22  investigators, expert witnesses and technical advisers.  Anyone (other than the
23  Court and its personnel) who is allowed to receive CONFIDENTIAL
24  INFORMATION shall be provided with a copy of this Protective Order and shall
25  sign a Non-Disclosure Agreement in form set forth below or in a substantially
26  similar form before such disclosure is made:
27  //
28  //

PROTECTIVE ORDER    2

**<u>Non-Disclosure Agreement</u>**

I, (name of individual), have read and fully understand the Protective Order dated _____, in the action *Fair Housing Council of Central California, et al. v. Henry Nunez; and Minnie Avila*, in the United States District Court for the Eastern District of California. I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the Eastern District of California for any proceedings with respect to said Protective Order.  I will not divulge to persons other·than those specifically authorized by said Order, or copy or use, except solely for the purposes of this action, any material or information obtained pursuant to said Order except as specifically permitted by the Court.

Dated: _____
                               (Signature)
                               (Address)
                               (Telephone)

6.    In accordance with the Local Rules, if any papers to be filed with the Court contain information and/or documents that have been designated as CONFIDENTIAL, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

7.    Prior to hearings or testimony before the Court in this case, the parties, in the event that it is known reasonably in advance of such hearing or testimony that matters involving CONFIDENTIAL INFORMATION will be raised, shall so advise the Court.

8.    Nothing in this Protective Order shall affect the admissibility of any

CONFIDENTIAL INFORMATION in this action.  By producing the confidential documents, producing Parties do not waive any objection to the confidential documents' admissibility, relevance, or any other ground of objection, all of which grounds are specifically reserved.

9.  Within 30 days after the termination of this action all CONFIDENTIAL INFORMATION produced by a party shall be returned to that party's counsel.

10.  Nothing in this Protective Order shall be construed to unduly hamper the rights of the parties to prosecute and defend this action.  The execution of the Protective Order shall not preclude any party from moving the court for protective orders in the course of this litigation, from modifying or expanding this Protective Order as needed or from objecting to discovery that it believes to be improper.  This protective order is subject to amendment and modification by further written stipulation among counsel of record in this action or by order of the Court.

11.  This Protective Order shall survive the final termination of this action.  The Court shall retain jurisdiction to enforce this Protective Order for six months after the final termination to resolve any dispute concerning the use of CONFIDENTIAL INFORMATION.

12.  The parties to this agreement may exercise any rights they may have, at law or in equity, to enforce its terms.

13.  Nothing contained in this Protective Order is intended to be construed as authorizing a party to disobey a lawful subpoena issued in another action.

IT IS SO ORDERED.

Dated:     January 3, 2012                      /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE