# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FAIR HOUSING COUNCIL<br>OF CENTRAL CALIFORNIA, INC., et al., | ) | 1:10cv02073 LJO DLB |
| | ) | |
| | ) | ORDER DENYING PLAINTIFFS' MOTION |
| | ) | TO COMPEL DEFENDANT HENRY NUNEZ |
| | ) | TO COMPLY WITH DISCOVERY ORDER AS |
| | ) | MOOT (Document 49) |
| Plaintiffs, | ) | |
| | ) | ORDER GRANTING PLAINTIFFS' MOTION |
| v. | ) | FOR LEAVE TO FILE FIRST AMENDED |
| | ) | COMPLAINT (Document 46) |
| | ) | |
| | ) | ORDER DENYING PLAINTIFFS' MOTION |
| HENRY D. NUNEZ, et al., | ) | TO MODIFY SCHEDULING ORDER AS |
| | ) | MOOT (Document 51) |
| | ) | |
| | ) | ORDER VACATING SCHEDULING ORDER |
| | ) | AND SETTING STATUS CONFERENCE |
| Defendants. | ) | |

Plaintiffs Fair Housing Council of Central California, Inc., Nelida Mendiola, Martha Lemos and Maria Nava ("Plaintiffs") filed the present motions (1) to compel Defendant Henry Nunez to comply with the Court's November 3, 2011 discovery order, (2) for leave to file a first amended complaint, and (3) to modify the scheduling order. The matters were heard on January 13, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Elizabeth Brancart appeared telephonically on behalf of Plaintiffs. Daniel Harralson appeared on behalf of Defendant Henry Nunez. Henry Nunez appeared as counsel on behalf of Defendant Minnie Avila.

**INTRODUCTION**

Plaintiffs Nelida Mendiola, Martha Lemos and Maria Nava are current or former tenants

of the Cypress Estates apartment complex ("Cypress Estates"), each of whom resided there with minor children. Defendant Henry Nunez controls the management of Cypress Estates. Complaint, ¶¶ 8-9. Cypress Estates claims to be a housing complex for older persons under the Housing for Older Persons Act ("HOPA"), 42 U.S.C. § 3607(b)(2).

Plaintiffs and other residents complained of discrimination at Cypress Estates to the Fair Housing Council of Central California, a nonprofit corporation ensuring compliance with fair housing laws throughout the Central Valley. Complaint, ¶¶ 4-7. Plaintiffs allege that Defendants enforced unreasonable and discriminatory rules against them and their children, served them with eviction notices because of their protected familial status, and made derogatory statements about their national origin that interfered with the enjoyment of their tenancy. Complaint, ¶¶ 12-22.

Plaintiffs assert violations of the Fair Housing Act (42 U.S.C. §§ 3601, et seq.), the California Fair Employment and Housing Act (Government Code §§ 12955,et seq.), the California Civil Code §§ 1714, 1927, 1940.2, 44-46, and the California Code of Civil Procedure §§ 1159 and 1160. Plaintiffs seek monetary damages, including punitive damages, along with declaratory and injunctive relief.

I.  **MOTION TO COMPEL DEFENDANT HENRY NUNEZ TO COMPLY WITH DISCOVERY ORDER**

On January 10, 2012, Plaintiffs filed a reply stating the motion to compel is now moot. Doc. 71. At the hearing, the parties confirmed that the motion to compel was resolved. Accordingly, Plaintiffs' motion to compel Defendant Henry Nunez to comply with discovery order is DENIED AS MOOT.

II. **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

A.  Introduction

On November 10, 2011, Plaintiffs filed a motion for leave to file a first amended complaint. Plaintiffs seek to add two new defendants, Joy Nunez and Cypress Estates, Inc., and seek to add factual allegations (1) that defendant Henry Nunez holds a partial ownership interest in the Cypress Estates apartments, (2) that his use of the corporate form should be disregarded and (3) that defendants Henry Nunez, Joy Nunez and Cypress Estates, Inc. knew or should have

known that Minnie Avila was an unfit manager and their continued employment of Ms. Avila as their agent was in reckless disregard of the rights of plaintiffs and other tenants of the Cypress Estates to live in an environment free of housing discrimination.

On December 30, 2011, Defendant Henry Nunez filed an opposition to Plaintiffs' motion to amend.  Doc. 61.

On June 6, 2011, Defendant Herminia (Minnie) Avila filed an untimely opposition to the motion to amend.  Doc. 66.

On January 6, 2012, Plaintiffs filed a reply to Defendant Nunez.  Doc. 65.  On January 10, 2012, Plaintiffs filed a reply to Defendant Avila.  Doc. 69.  With leave of court, Plaintiffs also filed a supplemental reply to Defendant Nunez on January 11, 2012.  Doc. 73.

On January 12, 2012, Defendants Henry Nunez and Herminia Avila filed an opposition to Plaintiffs' reply brief, a supporting memorandum and a request for judicial notice in support of their opposition.  Docs. 74, 75 and 76.

B.   SUMMARY OF PROPOSED AMENDMENT

As noted, Plaintiffs seek to add two new defendants to this action: (1) Joy Nunez, Defendant Henry Nunez's wife, who holds an ownership interest in Cypress Estates; and (2) Cypress Estates, Inc., a corporation wholly owned by Defendant Henry Nunez, which also holds an ownership interest in Cypress Estates.  The proposed amended complaint also adds the following:

(1) allegations based on public records that some of the parcels on which the relevant apartments are located have been owned, in part, by defendant Henry Nunez, Joy Nunez and Cypress Estates, Inc.  Plaintiffs note that Cypress Estates, Inc. filed a bankruptcy petition on March 9, 2010, but Plaintiffs were not listed as creditors.  On July 7, 2011, the bankruptcy court issued its final decree and the automatic stay is now lifted;

(2) allegations seeking injunctive relief against Cypress Estates, Inc. to stop the discriminatory housing practices at the apartments.  Plaintiffs seek to establish a right to collect damages from the liability policy maintained by Cypress Estates, Inc.;

(3) allegations that defendant Minnie Avila, acting as agent of the other defendants,

repeatedly made derogatory statements to the occupants at the Cypress Estates apartments concerning families with children and persons of Mexican ancestry;

(4) acknowledgment that Ms. Avila filed a Chapter 13 bankruptcy petition and Plaintiffs are the primary unsecured creditors.  Plaintiffs note the automatic stay imposed by the bankruptcy filing and represent that they have added no new claims or allegations against Ms. Avila;

(5) allegations concerning Defendants' prior history of alleged Fair Housing Act violations and their reckless disregard in retaining Defendant Minnie Avila.  The allegations include instances of multiple lawsuits/discrimination complaints beginning in 2006 and continuing through 2010 involving Minnie Avila and the Cypress Estates apartments.  Defendants Henry Nunez and Minnie Avila repeatedly agreed to attend fair housing training.  Plaintiffs allege that Ms. Avila did not attend fair housing training as part of a conciliation agreement in 2010; and

(6) allegations that Defendant Henry Nunez manipulated the corporate form.  He is the sole shareholder and president of Cypress Estates, Inc., he shares an address with the corporation and he is the only person at Cypress Estates with authority to issue notices or sign leases.  Per public records, by a series of conveyances Defendant Henry Nunez transferred ownership of the parcels making up the Cypress Estates apartments to himself and to his wife, Joy Nunez, as joint tenants and they leased the property back to Cypress Estates, Inc.  Between 2005 and 2007, Henry and Joy Nunez secured mortgages on the parcels.  In July 2009, Henry Nunez executed a grant deed to Cypress Estates, Inc. conveying his interest in certain parcels, but didn't record it at that time.  In November and December 2009, the trustees holding the deeds of trust executed by Henry and Joy Nunez recorded notices of default.  On February 18, 2010, Defendant Henry Nunez had the July 2009 grant deed recorded.  On March 9, 2010, Cypress Estates, Inc. filed Chapter 11 bankruptcy.  The United States Trustee filed a motion to dismiss or convert the bankruptcy for lack of counsel.  Facts showed that the corporation's counsel, Tomas D. Nunez, had the same address, telephone number, fax number, email address and ECF filing account as Henry Nunez.  The trustee withdrew the motion after new counsel was substituted.

C.  Legal Standard

Federal Rule of Civil Procedure Rule 15(a) provides that the court should "freely give

leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

    D.    Analysis

As a preliminary matter, the Court addresses the pleadings filed by Defendants Henry Nunez and Minnie Avila on January 12, 2012. Defendants Nunez and Avila filed an untimely opposition to Plaintiffs' reply brief, along with a supporting memorandum and request for judicial notice. Docs. 74, 75 and 76. At the hearing, Defendant Henry Nunez, who also serves as counsel for Defendant Avila, indicated that the documents should not have been filed. Accordingly, the Court HEREBY ORDERS these documents STRICKEN FROM THE RECORD.

The Court now turns to the merits of the underlying motion.

        1.    Undue Delay

Plaintiffs argue that the proposed amendment is timely because the scheduling order sets no deadline to amend the pleadings and the claims asserted against the proposed defendants are within the statutory time limits.

Defendant Nunez counters that there was no reason why Plaintiffs could not have included the proposed amendments when they originally filed the complaint because they knew that he was an officer for Cypress Estates, Inc. However, Plaintiffs explain that they first became aware of the need to amend their complaint in response to the motion to dismiss filed by Defendant Henry Nunez in October 2011. In the motion to dismiss, Mr. Nunez claimed he could not be held liable

5

as an officer of Cypress Estates, Inc. and that Cypress Estates, Inc. had not been named in the complaint. Doc. 38. When Mr. Nunez claimed he could not be liable, Plaintiffs' counsel reviewed public records identifying the transactions between Henry and Joy Nunez and Cypress Estates, Inc. in an effort to determine ownership interests in the Cypress Estates apartments.

To the extent defense counsel attempted to demonstrate that Plaintiffs' were aware of the proposed amendments prior to the outset of this action, they were unsuccessful. The Court finds no undue delay by Plaintiffs.

2. Bad Faith

Defendant Henry Nunez argues that the proposed amendment is brought in bad faith to annoy him and Joy Nunez. Defendant argues that there is no conceivable reason, other than a failure to investigate, for not suing Henry Nunez in his individual capacity at the outset of this case. Defendant also asserts that Plaintiffs' counsel knew of a lease identifying both Henry and Joy Nunez as co-owners of the Cypress Estates properties since 2007 based on a prior case.

Plaintiffs counter that Defendant Nunez already was named in his individual capacity in the original complaint as an owner of Cypress Estates apartments. As to Defendant's claim that Plaintiffs knew of a lease identifying both Joy and Henry Nunez as co-owners of the properties, Plaintiffs' counsel indicated that they had never seen a copy of any lease because there was no discovery in the prior litigation.

Defendant Minnie Avila also claims bad faith on the part of Plaintiffs by including her in the proposed amendments. On June 6, 2011, Defendant Avila filed an untimely opposition to the motion for leave to file a first amended complaint. Doc. 66. In her motion, she explains that she filed for Chapter 13 bankruptcy on July 8, 2011, and there is an automatic stay against any action being taken against her without prior approval from the bankruptcy court. She contends that Plaintiffs failed to file a proof of claim with the bankruptcy court and therefore they cannot take any action against her in this case. Ms. Avila wants to reinstate the motion to dismiss the original complaint.

In the proposed amended complaint, Plaintiffs have not added any new allegations or claims against Ms. Avila. Further, Plaintiffs acknowledged that their claims against Ms. Avila are

subject to the automatic stay. Proposed First Amended Complaint, Doc. 47-1. At the hearing, Ms. Avila's counsel admitted that the allegations against Ms. Avila have not changed. Instead, the proposed complaint contains allegations regarding the interactions of defendants with Ms. Avila.

The Court does not find that Plaintiffs are seeking to amend for an improper purpose.

### 3. Prejudice to Defendant

Plaintiffs assert that the proposed amendment adds no new claims against the current defendants and the new defendants will not be prejudiced because (1) they are so closely related to Defendant Henry Nunez; and (2) the insurance company providing liability insurance for the Cypress Estates complex is defending the action. Declaration of Elizabeth Brancart ("Brancart Dec.") ¶ 3.

Defendant Henry Nunez counters that he will be unduly prejudiced because these new allegations will increase litigation costs by adding Joy Nunez and by seeking to pierce the corporate veil. However, litigation costs alone are not grounds for denial of leave to amend. See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

### 4. Futility

Defendant Nunez argues that the proposed amendments are futile. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.1995). However, denial of leave to amend due to futility is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed. Netbula v. Distinct Corp., 212 F.R.D. 534, 539 (N.D.Cal.2003); Britz Fertilizers v. Nationwide Agribusiness Ins. Co., 2011 WL 5118521 (E.D. Cal. Oct. 27, 2011).

Here, the Court defers ruling on the merits of the proposed amended complaint. Notwithstanding, the Court notes that certain of defendants' arguments regarding futility are unsupported or inaccurate. For example, Defendant Nunez argues that the amendments are futile because Plaintiffs failed to exhaust their administrative remedies under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12955 *et seq.* However, FEHA

1  does not require exhaustion of administrative remedies for housing claims.  See Cal. Gov. Code §
2  12989.1; House v. Cal. State Mortg. Co., 2009 WL 2031775, *18 (E.D. Cal. 2009) (denying
3  motion to dismiss FEHA housing cause of action on exhaustion grounds).
4        As an additional example, Defendant Nunez argues that the proposed amendments are
5  futile because Plaintiff Fair Housing Council of Central California, Inc. has no standing to bring
6  the seventh claim for relief pursuant to the Unruh Civil Rights Act.  However, the  proposed
7  amended complaint clearly states that the seventh cause of action for violation of the Unruh Act is
8  brought only by Plaintiffs Mendiola, Nava and Lemos. Proposed First Amended Complaint p. 15,
9  Doc. 47-1.
10       Following consideration of the relevant Eitel factors, Plaintiffs' motion for leave to file a
11 first amended complaint is GRANTED.  To accommodate service of the amended complaint,
12 along with the possible retention of counsel and tender of defense to the insurance carrier for
13 Cypress Estates, Inc., the Court HEREBY VACATES the Scheduling Order dated March 21,
14 2011.  Doc. 16.
15       A status conference is SCHEDULED for February 7, 2012, at 9:00 a.m.

16 **III.     MOTION TO MODIFY SCHEDULING ORDER**

17       On November 15, 2011, Plaintiffs filed a motion to modify the Scheduling Order pursuant
18 to Rule 16(b)(4) of the Federal Rules of Civil Procedure.  (Doc. 51.) As the existing scheduling
19 order has been vacated, Plaintiffs' motion to modify the scheduling order is DENIED AS MOOT.

20                **CONCLUSION**

21       For the reasons stated above, the Court HEREBY ORDERS as follows:
22     1.    Plaintiffs' motion to compel Defendant Henry Nunez to Comply with Discovery
23         Order is DENIED AS MOOT;
24     2.    The opposition to Plaintiffs' reply brief, supporting memorandum and request for
25         judicial notice filed by Defendants Henry Nunez and Minnie Avila on January 12,
26         2012 (Documents 74, 75 and 76) are STRICKEN FROM THE RECORD;
27     3.    Plaintiffs' motion for leave to file a first amended complaint is GRANTED;
28     4.    Plaintiffs' claims, as set forth in the original complaint filed November 8, 2010,

|  |  |  |
|---|---|---|
| 1 |  | REMAIN STAYED as to Defendant Avila.  Ms. Avila's answer to the original |
| 2 |  | complaint, which was filed on January 7, 2011, shall stand as a denial to the first |
| 3 |  | amended complaint and no further pleading shall be required; |
| 4 | 5. | The Scheduling Order dated March 21, 2011 is VACATED; |
| 5 | 6. | Plaintiffs' motion to amend the scheduling order is DENIED AS MOOT; and |
| 6 | 7. | A status conference is SCHEDULED for February 7, 2012, at 9:00 a.m. before the |
| 7 |  | undersigned.  The parties shall be prepared to discuss the status of service, legal |
| 8 |  | representation and scheduling dates for discovery and trial. |

IT IS SO ORDERED.

Dated:   **January 23, 2012**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE