UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA, INC; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> HENRY NUNEZ; et al., <br><br> Defendants. | CONSENT DECREE AND FINAL ORDER |
| CYPRESS ESTATES, INC., <br><br> Cross-complainant, <br><br> vs. <br><br> NELIDA MENDIOLA, et al., <br><br> Cross-defendants. | |

## I. INTRODUCTION

This action was brought by plaintiffs Fair Housing Council of Central California, Inc., Nelida Mendiola, Maria Nava, and Martha Lemos alleging that

//

CONSENT DECREE AND FINAL ORDER                                                                                                                                  1

defendants Henry Nunez, Joy Nunez and Cypress Estates, Inc.[1] violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and related state laws.  Specifically, plaintiffs allege that defendants engaged in a pattern or practice of discrimination against families with children and against persons of Mexican descent during the course of their ownership and operation of rental dwellings located in Reedley, California.  These claims are disputed by defendants.

Plaintiffs and defendants have agreed that in order to avoid protracted and costly litigation, the controversy should be resolved and settled without trial or adjudication on the merits, and therefore as a result of the settlement the Parties have consented to the entry of this decree and order.

It is hereby ORDERED, ADJUDGED, and DECREED that:

## II.  MONETARY TERMS

1. Defendants' insurer shall make a monetary payment in the form of a check made payable to the Attorney-Client Trust Account of Brancart & Brancart in the amount of $225,000.00 (two hundred twenty-five thousand dollars only) in full payment of any and all claims for damages, costs, expenses, and attorneys' fees by plaintiffs.  The check shall be delivered to Brancart & Brancart, 8205 Pescadero Road, Loma Mar, CA  94021 within 14 days of delivery of the mutual releases executed by plaintiffs to defendants and their insurer.

## III.  RELEASE TERMS

2. Subject to the terms of this decree, and excluding the pending unlawful detainer action, *Cypress Estates, Inc. v. Nelida Mendiola, et al.*, case number 12RECL00118, and the judgment entered in *Cypress Estates, Inc. v. Maria Nava, et al.*, case number 10RECL00609, plaintiffs and defendants agree to

---

[1] Minnie Avila was originally named as a defendant, but plaintiffs' claims against her have been stayed pursuant to 11 U.S.C. § 362, following Ms. Avila's petition for bankruptcy.  Ms. Avila shall be dismissed from this action with prejudice, with each side bearing its own costs, upon her execution of the agreed upon mutual release.

enter into this settlement and shall execute mutual releases indicating that this decree constitutes a full and final settlement of any and all claims that they have related to the subject matter of this lawsuit and the related cross claims. Those mutual waivers and releases shall include a waiver of all known and unknown claims under California Civil Code § 1542. The terms and conditions contained herein are the result of a settlement of disputed claims and shall not constitute any admission of liability of any party or be used as evidence of liability in any subsequent judicial proceeding.

## IV.  EQUITABLE TERMS

### A.  Defendants' Role in the Operation of the Subject Property

3.     Defendants agree that they will not employ Minnie Avila as their agent or manager in the operation of any residential real property owned or operated by them, nor allow her to perform any duties related to such residential property, including, but not limited to, showing or renting apartments, collecting rent payments, fielding complaints or requests for repairs, enforcing rules or policies, or undertaking any other responsibility, either for compensation or not.

4.     The parties understand that defendant Joy Nunez has no present involvement in the operation of any rental premises and does not intend to become involved in property management. Accordingly, Mrs. Nunez is not subject to the terms of this decree. If, however, Mrs. Nunez commences operating or managing a residential rental premises, then she shall be bound by the terms of this decree.

### B.  Retention of a CAA Certified Residential Manager

5.     Defendants agree that they shall employ a California Apartment Association ("CAA") Certified Residential Manager as follows:   The current manager will obtain her CAA Certified Residential Manager certification within 180 days of entry of this decree.   In the event that the current manager fails to obtain her CAA certification, then defendants shall employ a CAA Certified Residential Manager within 90 days of the expiration of the 180 day period or

upon the current manager's separation from employment, whichever occurs first.

6. Within 30 days of its entry or within 30 days of commencing employment, whichever is last, each resident manager employed by defendants shall certify in writing that he or she has received, reviewed, and agrees to abide by the terms of this decree

### C. Operation of Defendants' Dwellings

7. Within 30 days of entry of this decree and continuing thereafter, defendants, including their resident managers, shall in connection with the operation and management of each dwelling they own or control:

    a. Abide by all federal and state fair housing laws;

    b. Provide a copy of the United States Department of Housing and Urban Development (HUD) pamphlet entitled "Are you the victim of housing discrimination?" (HUD official form 903.1) to each tenant and prospective tenant of any residential rental property owned or controlled by defendants;

    c. Post in a conspicuous place on the grounds of each property, including without limitation in the business office of the property or the front door of the manager's residence if there is no business office at the property, a copy of the HUD fair housing poster (HUD official form 928) or DFEH fair housing poster (DFEH official form 157H and 157S);

    d. Advertise any dwelling available for rent in accordance with all the requirements prescribed under HUD's Fair Housing Advertising Guidelines, formerly codified at 24 C.F.R. § 109 and presently available at www.hud.gov;

    e. Undertake affirmative efforts to ensure and maintain compliance with the requirements of the Housing for Older Persons Act, 42 U.S.C. § 3607, HUD regulation promulgated thereunder, and the California Fair Employment and Housing Act, Government Code § 12955.9; and,

   f. Within 120 days of entry of this decree, attend and pay for attending one fair housing training provided by the Fair Housing Council of Central California, Inc.

### D. Transfer or Sale of Dwellings

8. If any defendant transfers or sells a dwelling to an unrelated purchaser in an arms-length transaction, then operation of that dwelling shall no longer be subject to the terms of this decree.

9. If defendants transfer a dwelling to in any manner other than an arms-length transaction, then operation of that dwelling shall remain subject to the terms of this decree.

10. For purposes of this decree, whether the sale or transfer is an "arms-length transaction," meaning a transaction that has been arrived at in the marketplace between independent, non-affiliated persons, unrelated by blood or marriage, with opposing economic interests regarding that transaction.

### F. Notification of Compliance

11. Defendants and their manager shall file a statement with the district court certifying compliance with the terms of this decree, attested under penalty of perjury, on or before each anniversary date of the entry of this decree.

///
///
///
///
///

12. The decree shall remain in effect for a period of three years from the date entry.

Approved as to content and form:

BRANCART & BRANCART

*/s/ Christopher Brancart*                             Dated:    6-18-2012

Christopher Brancart
cbrancart@brancart.com
Attorneys for Plaintiff

DANIEL L. HARRISON LAW CORPORATION

*/s/ Daniel L. Harralson*                              Dated:    6-18-2012

Daniel L. Harralson
harralsonlaw@sbcglobal.net
Attorneys for Defendant
Henry D. Nunez and Cypress Estates, Inc.

LAW OFFICES OF TOMAS D. NUNEZ

*/s/ Tomas D. Nunez*                                   Dated:    6-14-2012

Tomas. D. Nunez
Attorneys for Defendant
Joy Nunez

**ORDER**

IT IS SO ORDERED.

**Dated:    June 20, 2012**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE