1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| **FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA, INC;** et al.,     ) ) ) | **CONSENT DECREE AND FINAL ORDER** |

11
12

**Plaintiffs,**                      )
                                     )
        vs.                          )
                                     )

13
14

**HENRY NUNEZ; et al.,**             )
                                     )

15
16

**Defendants.**               )
_____)

17

**CYPRESS ESTATES, INC.,**          )
                                    )

18

**Cross-complainant,**       )
                                    )

19

        vs.                         )
                                    )

20

**NELIDA MENDIOLA,  et al.,**       )
                                    )

21
22

**Cross-defendants.**        )
                                    )

23

_____)

24

## I.  INTRODUCTION

25

This action was brought by plaintiffs Fair Housing Council of Central

26

California, Inc., Nelida Mendiola, Maria Nava, and Martha Lemos alleging that

27

//

28

1   defendants Henry Nunez, Joy Nunez and Cypress Estates, Inc.[1] violated the Fair

2   Housing Act, 42 U.S.C. § 3601 *et seq.* and related state laws.  Specifically,

3   plaintiffs allege that defendants engaged in a pattern or practice of discrimination

4   against families with children and against persons of Mexican descent during the

5   course of their ownership and operation of rental dwellings located in Reedley,

6   California.  These claims are disputed by defendants.

7        Plaintiffs and defendants have agreed that in order to avoid protracted and

8   costly litigation, the controversy should be resolved and settled without trial or

9   adjudication on the merits, and therefore as a result of the settlement the Parties

10  have consented to the entry of this decree and order.

11       It is hereby ORDERED, ADJUDGED, and DECREED that:

12                    **II.   MONETARY TERMS**

13       1.   Defendants' insurer shall make a monetary payment in the form of a

14  check made payable to the Attorney-Client Trust Account of Brancart & Brancart

15  in the amount of $225,000.00 (two hundred twenty-five thousand dollars only) in

16  full payment of any and all claims for damages, costs, expenses, and attorneys'

17  fees by plaintiffs.  The check shall be delivered to Brancart & Brancart, 8205

18  Pescadero Road, Loma Mar, CA  94021 within 14 days of delivery of the mutual

19  releases executed by plaintiffs to defendants and their insurer.

20                    **III.   RELEASE TERMS**

21       2.   Subject to the terms of this decree, and excluding the pending

22  unlawful detainer action, *Cypress Estates, Inc. v. Nelida Mendiola, et al.*, case

23  number 12RECL00118, and the judgment entered in *Cypress Estates, Inc. v.*

24  *Maria Nava, et al.*, case number 10RECL00609, plaintiffs and defendants agree to

25

26       [1]Minnie Avila was originally named as a defendant, but plaintiffs' claims against her have
27  been stayed pursuant to 11 U.S.C. § 362, following Ms. Avila's petition for bankruptcy.  Ms.
    Avila shall be dismissed from this action with prejudice, with each side bearing its own costs,
28  upon her execution of the agreed upon mutual release.

1   enter into this settlement and shall execute mutual releases indicating that this

2   decree constitutes a full and final settlement of any and all claims that they have

3   related to the subject matter of this lawsuit and the related cross claims.  Those

4   mutual waivers and releases shall include a waiver of all known and unknown

5   claims under California Civil Code § 1542. The terms and conditions contained

6   herein are the result of a settlement of disputed claims and shall not constitute any

7   admission of liability of any party or be used as evidence of liability in any

8   subsequent judicial proceeding.

9                    **IV.  EQUITABLE TERMS**

10          **A.  Defendants' Role in the Operation of the Subject Property**

11          3.      Defendants agree that they will not employ Minnie Avila as their

12   agent or manager in the operation of any residential real property owned or

13   operated by them, nor allow her to perform any duties related to such residential

14   property, including, but not limited to, showing or renting apartments, collecting

15   rent payments, fielding complaints or requests for repairs, enforcing rules or

16   policies, or undertaking any other responsibility, either for compensation or not.

17          4.      The parties understand that defendant Joy Nunez has no present

18   involvement in the operation of any rental premises and does not intend to become

19   involved in property management.  Accordingly, Mrs. Nunez is not subject to the

20   terms of this decree.  If, however, Mrs. Nunez commences operating or managing

21   a residential rental premises, then she shall be bound by the terms of this decree.

22          **B.  Retention of a CAA Certified Residential Manager**

23          5.      Defendants agree that they shall employ a California Apartment

24   Association ("CAA") Certified Residential Manager as follows:   The current

25   manager will obtain her CAA Certified Residential Manager certification within

26   180 days of entry of this decree.   In the event that the current manager fails to

27   obtain her CAA certification, then defendants shall employ a CAA Certified

28   Residential Manager within 90 days of the expiration of the 180 day period or

1    upon the current manager's separation from employment, whichever occurs first.

2         6.      Within 30 days of its entry or within 30 days of commencing

3    employment, whichever is last, each resident manager employed by defendants

4    shall certify in writing that he or she has received, reviewed, and agrees to abide

5    by the terms of this decree

6              **C.  Operation of Defendants' Dwellings**

7         7.      Within 30 days of entry of this decree and continuing thereafter,

8    defendants, including their resident managers, shall in connection with the

9    operation and management of each dwelling they own or control:

10             a.      Abide by all federal and state fair housing laws;

11             b.      Provide a copy of the United States Department of Housing and

12   Urban Development (HUD) pamphlet entitled "Are you the victim of

13   housing discrimination?" (HUD official form 903.1) to each tenant and

14   prospective tenant of any residential rental property owned or controlled by

15   defendants;

16             c.      Post in a conspicuous place on the grounds of each property,

17   including without limitation in the business office of the property or the

18   front door of the manager's residence if there is no business office at the

19   property, a copy of the HUD fair housing poster (HUD official form 928) or

20   DFEH fair housing poster (DFEH official form 157H and 157S);

21             d.      Advertise any dwelling available for rent in accordance with all

22   the requirements prescribed under HUD's Fair Housing Advertising

23   Guidelines, formerly codified at 24 C.F.R. § 109 and presently available at

24   www.hud.gov;

25             e.      Undertake affirmative efforts to ensure and maintain

26   compliance with the requirements of the Housing for Older Persons Act, 42

27   U.S.C. § 3607, HUD regulation promulgated thereunder, and the California

28   Fair Employment and Housing Act, Government Code § 12955.9; and,

1          f.     Within 120 days of entry of this decree, attend and pay for

2    attending one fair housing training provided by the Fair Housing Council of

3    Central California, Inc.

4                  **D.  Transfer or Sale of Dwellings**

5         8.     If any defendant transfers or sells a dwelling to an unrelated

6    purchaser in an arms-length transaction, then operation of that dwelling shall no

7    longer be subject to the terms of this decree.

8         9.     If defendants transfer a dwelling to in any manner other than an arms-

9    length transaction, then operation of that dwelling shall remain subject to the terms

10   of this decree.

11        10.    For purposes of this decree, whether the sale or transfer is an "arms-

12   length transaction," meaning a transaction that has been arrived at in the

13   marketplace between independent, non-affiliated persons, unrelated by blood or

14   marriage, with opposing economic interests regarding that transaction.

15                 **F.  Notification of Compliance**

16        11.    Defendants and their manager shall file a statement with the district

17   court certifying compliance with the terms of this decree, attested under penalty of

18   perjury, on or before each anniversary date of the entry of this decree.

19   ///

20   ///

21   ///

22   ///

23   ///

24

25

26

27

28

1        12.    The decree shall remain in effect for a period of three years from the

2    date entry.

3

4    Approved as to content and form:

5    BRANCART & BRANCART

6    */s/ Christopher Brancart*                 6-18-2012

7    Christopher Brancart         Dated:

8    cbrancart@brancart.com
Attorneys for Plaintiff

9

10    DANIEL L. HARRISON LAW CORPORATION

11    */s/ Daniel L. Harralson*              6-18-2012

12    Daniel L. Harralson          Dated:
harralsonlaw@sbcglobal.net

13    Attorneys for Defendant
Henry D. Nunez and Cypress Estates, Inc.

14

15    LAW OFFICES OF TOMAS D. NUNEZ

16    */s/ Tomas D. Nunez*                6-14-2012

17    Tomas. D. Nunez            Dated:
Attorneys for Defendant

18    Joy Nunez

19                            **ORDER**

20    IT IS SO ORDERED.

21    **Dated:   June 20, 2012**       /s/ Lawrence J. O'Neill
                             UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28